normal...." We do not believe that accidents or negligence, without a showing of willful intent, can rise to the level of misconduct as defined by section 288.030.1(24). Because Employer has failed to meet their burden of showing that Claimant willfully violated Employer's rules, Claimant is not disqualified under section 288.050.2 from receiving unemployment benefits.

## III. CONCLUSION

We find that the Commission erred in finding that Claimant's actions amounted to misconduct which disqualified him from receiving unemployment benefits. Accordingly, we reverse.

ROY L. RICHTER, P.J. and
CLIFFORD H. AHRENS, J., concur.

Before ROY L. RICHTER, P.J.,
CLIFFORD H. AHRENS, J., and
GLENN A. NORTON, J.

### *ORDER*

PER CURIAM.

Michael E. Enright appeals the trial court judgment affirming the Director of Revenue's revocation of Driver's license. We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed pursuant to Rule 84.16(b).

---

**Michael E. ENRIGHT, Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

No. ED 88208.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 2007.

Joseph V. Neill, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Nicole L. Loethen, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

**Debra JACKSON, Claimant/Appellant,**

v.

**NOVA MARKETING SERVICES, LLC and Division of Employment Security, Respondents.**

No. ED 90511.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 26, 2007.